# United States District Court
## for the
## Western District of New York

United States of America

v.

David V. Flannigan

*Defendant*

Case No. 19-mj- 5173

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

On or about June 14, 2019, in the Western District of New York, the defendant, **DAVID V. FLANNIGAN**, did knowingly, intentionally, and unlawfully possess with the intent to distribute quantities of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

DAVID LAUER
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 1, 2019

*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK )
COUNTY OF ERIE ) SS:
CITY OF BUFFALO )

**DAVID LAUER,** being duly sworn, deposes and says:

1. I am a Special Agent (SA) of the United States Drug Enforcement Administration (DEA) within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18.

2. I have been a Special Agent of the DEA since October 1998. I have had extensive training in the investigation and prosecution of large-scale illegal drug organizations. In the past 20 years, I have been responsible for the investigation and prosecution of numerous cases involving large-scale marijuana, cocaine, crack cocaine, methamphetamine, and heroin distribution organizations. I have also assisted in numerous investigations that involved the monitoring and recording of court-authorized Title III interceptions.

3. During my law enforcement career, I have participated in numerous investigations targeting individuals engaging in the trafficking and distribution of narcotics. Based on my training, experience in law enforcement, and conversations with DEA Special

Agents (SA's) and Task Force Officers (TFO's), and other law enforcement officers, I am familiar with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold and used by individuals involved in drug trafficking activities, and how drug traffickers use electronic communications to facilitate their illegal activities. As a result of my training and experience, I am familiar with the language, conduct and customs of people engaged in narcotics transactions conspiracies. My investigative experience, as well as the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

4.  I make this Affidavit in support of an application for a Criminal Complaint charging **DAVID V. FLANNIGAN** with possessing with the intent to distribute a substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). This affidavit is submitted for a limited purpose, and as a result, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information set forth in this affidavit as a result of my personal investigation, discussions with other law enforcement officers or statements provided by other law enforcement personnel, DEA Special Agents (SA) and TFO's, which have been reported to me, and examination of various documents and records in this investigation.

5.  I personally have participated in the investigation of **FLANNIGAN** for the offense set forth below and as a result, I am familiar with the facts and circumstances of this

investigation. Based upon that information, I assert that the articulated facts establish grounds for the issuance of a Criminal Complaint and an arrest warrant for **FLANNIGAN.**

## PROBABLE CAUSE

6.  On June 14, 2019, at approximately 8:47 a.m., NYSP K9 Trooper Jason Cresanti, performing his official duties patrolling I86 in the Town of Poland in Chautauqua County, NY, observed a 2010 silver Ford Fusion bearing PA License KTY7779 (the "vehicle") traveling at 75 MPH in a properly marked 65 MPH zone. After making these observations, Trooper Cresanti initiated a traffic stop on the vehicle. During the stop, Trooper Cresanti identified the driver as **FLANNIGAN**. **FLANNIGAN** was accompanied by a female passenger. At this time, **FLANNIGAN** stated that he had a Pennsylvania license, but was not sure if it is valid or not. Trooper Cresanti checked **FLANNIGAN's** license and found that **FLANNIGAN** was operating the vehicle with suspended PA and FL driver's licenses.

7.  As a result of **FLANNIGAN's** suspended license status, **FLANNIGAN** was arrested for operating a motor vehicle while under suspension in violation of NY Vehicle and Traffic Law Section 511. A search incident to arrest of **FLANNIGAN** was conducted. As a result, law enforcement searched for weapons and contraband and found **FLANNIGAN** to be in possession of a small amount of suspected methamphetamine contained within a dollar bill. A field test was conducted and resulted in a positive for the presence of methamphetamine. Immediately after securing **FLANNIGAN** and searching the female passenger for weapons and contraband, a K9 "sniff" of the vehicle was conducted and the K9

alerted to the interior of the vehicle. The vehicle was towed to the Jamestown Police Department. **FLANNIGAN** and his female passenger were transported to the Jamestown Police Department for <u>Miranda</u> Warnings and interviews.

8. On June 14, 2019, later that same day, Town of Ellicott Police Department Detective Kevin Pierce, who is also a member of the Jamestown Metro Drug Task Force (JMDTF), applied and received a NY State Search Warrant for the vehicle, from Town of Ellicott Judge Marilyn Gerace.

9. On June 14, 2019, at approximately 1:49 p.m., members of the JMDTF executed the search warrant authorized for the vehicle. As a result of the search warrant, a lock box was discovered on the floor of the vehicle and within this lock box approximately 236.15 gross grams (gg) was discovered[1], as well as drug paraphernalia to include a scale and plastic bags. It should be noted that members of the JMDTF subsequently field tested the suspected methamphetamine positive for the presence of methamphetamine.

10. As previously noted, both **FLANNIGAN** and the female passenger were transported to the Jamestown Police Department. Although **FLANNIGAN** made no Post-<u>Miranda</u> statements, the female passenger provided statements. In sum and substance, the female passenger noted that she was aware that there was a quantity of methamphetamine

---

1 The suspected drug evidence was turned over to DEA, at which time your affiant weighed the drug evidence and determined that it weighed 236.15 gross grams.

contained inside the vehicle. The female passenger stated that this unknown quantity of methamphetamine was contained within a safe located inside the vehicle.

11.     **FLANNIGAN** was subsequently charged with several NY State Penal violations to include PL 220.18 (Criminal Possession of a Controlled Substance), a felony, and is presently incarcerated in the Chautauqua County Jail.

12.     **WHEREFORE**, based on the foregoing, your affiant respectfully submits that probable cause exists to believe that **FLANNIGAN** violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), possession with intent to distribute methamphetamine, a Schedule II controlled substance, requests that a criminal complaint and arrest warrant as aforesaid is issued.

_____
DAVID LAUER
Special Agent
Drug Enforcement Administration

Sworn to before me this 1st day of August 2019.

_____
HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE